UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **KIRBY VANCE BROWNING,**<br>Plaintiff,<br><br>v.<br><br>**MICHAEL AMES, et al.,**<br>Defendants. | )<br>)<br>)<br>)<br>)    **CIVIL ACTION**<br>)    **NO. 25-40025-DHH**<br>)<br>)<br>)<br>) |

## ORDER
### May 5, 2025

**HENNESSY, M.J.**

*Pro se* plaintiff Kirby Vance Browning has filed a civil complaint, a motion for leave to proceed *in forma pauperis*, and a motion for appointment of counsel. Upon review of these motions, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis* is *conditionally* GRANTED. The form Plaintiff used for his motion for leave to proceed *in forma pauperis* is a two-page document titled Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form). Plaintiff only submitted the first page of the Application, in which he identifies his very modest income. The Court conditionally grants the motion based on Plaintiff's income. However, if Plaintiff wishes to proceed *in forma pauperis*, he must also complete the second page of the Application, sign it under pains of perjury, and return it to the Court within 28 days of this order. Failure to do so could result in dismissal of this action.

2. The Clerk shall provide Plaintiff with the form for Consent/Refusal of Magistrate Judge Jurisdiction and the instructions for that form ("consent package").

3.      The Clerk shall issue a summons for each Defendant.  Plaintiff is responsible for ensuring that a summons, complaint, consent package, and this order are served on each Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

4.      Because Plaintiff is proceeding *in forma pauperis*, he may elect to have service completed by the United States Marshals Service ("USMS").  If Plaintiff chooses to have service completed by the USMS, he shall provide the agency with (1) a copy of this order for its records; (2) all papers for service on each Defendant (summons, complaint, consent package, and this order); and (3) a completed USM-285 form for each party to be served.  The USMS shall complete service as directed by Plaintiff with all costs of service to be advanced by the United States.  The Clerk shall provide Plaintiff with blank USM-285 forms and instructions for service by the USMS.

5.      Plaintiff shall have 90 days from the date of the issuance of the summonses to complete service.  Failure to complete service within 90 days may result in dismissal of the action without further notice from the Court.  Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

6.      The parties shall indicate their consent or refusal to the final assignment of this case to the magistrate judge by completing and filing the form entitled "Consent to or Declination of the Exercise of Jurisdiction by a United States Magistrate Judge."  Consent to have the assigned Magistrate Judge conduct all proceedings in a civil action, including trial and entry of final judgment, must be unanimous.  If at least one party does not consent to have the assigned Magistrate Judge conduct all proceedings, including trial and entry of final judgment, the case will be reassigned to a District Judge for further proceedings.

While consent to the final assignment of the case to the magistrate judge is entirely voluntary, and no adverse substantive consequences of any kind will redound to any attorney or

party refusing consent, submission of the executed form, memorialized consent or refusal to consent to the final assignment to the magistrate judge, is *mandatory*. The form must be filed with the Court within 30 days after the date of service on the last party.

7.  The motion for appointment of counsel is DENIED without prejudice to renewal once the defendants have been served with and responded to the complaint. Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, *see DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases and it relies on attorneys who are willing to donate their time to serve as *pro bono* counsel. To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See DesRosiers*, 949 F.2d at 23. To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. *See id.* at 24. Because the defendants have not been served with and responded to the complaint, the Court cannot determine whether exceptional circumstances exist that would justify appointment of counsel.[1]

SO ORDERED.

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[1] Further, Plaintiff does not indicate what efforts, if any, he has made to find counsel, including an attorney who might be willing to represent him on a contingency basis. Should Plaintiff elect to search for an attorney through a Lawyer Referral Service, a list of lawyer referral services is available at https://masslrf.org/en/programs/all/referrals. The Court does not endorse any particular Lawyer Referral Service or attorney.