UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRBY VANCE BROWNING,<br><br>Plaintiff,<br><br>MICHAEL AMES, et al.,<br><br>Defendants | Civ. A. No. 4:25-cv-40025-DHH |

**MEMORANDUM OF LAW IN SUPPORT OF THE SCHOOL DEFENDANTS'
<u>MOTION TO DISMISS</u>**

<u>PRELIMINARY STATEMENT</u>

Kirby Vance Browning, acting pro se, alleges that in 1964, when he was 20 or 21 years old, he was sexually abused by David C. Perkins, then the director of the Perkins School, at a camp run by the school in Maine. He has sued the school ("the School," now known as Robert F. Kennedy Community Alliance, Inc., or more commonly, the RFK Community Alliance), two of its officials, former CEO Michael Ames and current CFO David Libby, and one of its lawyers, Alfred Gray. Mr. Browning does not allege that any of the defendants is liable for the sexual abuse he suffered sixty years ago or that any of the defendants is liable for negligence that allowed the abuse to happen. Instead, he claims that the defendants are liable because when he informed them that he had been abused, they failed or refused to settle his claim. In this motion, the School, Mr. Ames, and Mr. Libby ("the School Defendants") move to dismiss the action for failure to state a claim on which relief can be granted.

The School Defendants have no information about Mr. Browning's abuse beyond what he has told the School. On a motion to dismiss, they assume that Mr. Browning's account is true. It is nevertheless plain from the face of the complaint that Mr. Browning has not stated a claim on

1

which the Court can grant relief. This is so because failing or refusing to settle a civil claim is not actionable, except in special circumstances (e.g., an insurer failing to settle claims when liability is clear, *see* G.L. c. 176D, § 3(9)(f)). The complaint, even liberally read, does not assert that the School was negligent in 1964 or that it is strictly liable for the sexual abuse on a *respondeat superior* theory, but as we show below, the facts alleged are insufficient to state a claim on such theories, and in any case, such a claim would be barred by the statute of limitations on the face of the complaint.

The School seeks dismissal on an additional ground: it is a charitable corporation, and under pre-1971 law, which applies to claims for torts that occurred before 1971, it is immune from suit. The modern $20,000 limit on liability applies to a claim of failure to settle, because the settlement demand was recent; but the earlier rule of immunity applies to a claims arising out of the abuse itself, e.g., claims of negligence.

For these reasons, the action should be dismissed.[1]

## FACTS

*A. The facts alleged in the complaint.*

Mr. Browning alleges that he was sexually abused by David C. Perkins in September 1964. (ECF 1 at 4). Here is the entirety of the allegation regarding the abuse:

> Without the claim I have made, due to PTSD from sexual abuse I suffered in September, 1964, I now live in poverty on only SSI & food stamps. The abuse was done by David C. Perkins, the then director of the then-Perkins School, now the RFK Community Alliance. Said abuse occurred at the school's summer camp Oceanward in Friendship, Maine.

(Id.).

---

[1] On May 5, 2025, the Court conditionally granted the plaintiff's motion for leave to proceed in forma pauperis. The order instructed the plaintiff to complete the second page of the Application to Proceed in District Court Without Prepaying Fees or Costs within 28 days and noted that "[f]ailure to do so could result in dismissal of this action." (ECF 6 at 1). It does not appear from the docket that the plaintiff has filed the required document. The Court may wish to take whatever action it deems appropriate in light of the plaintiff's failure to comply with the May 5 order.

The complaint, which was signed on December 9, 2024 (ECF 1 at 5), says nothing about anything that anyone other than Mr. Perkins did or failed to do at or before the time of the abuse. It does not allege that any of the individual defendants were associated with the school at the time of the abuse (in fact, none of them were with the school sixty years ago). It does not allege anything about Mr. Browning himself. For example, it does not allege that he was a student at the School, though it is plausible to infer that he was. It does allege that as of December 23, 2024, he was eighty-one years old (ECF 1 at 6), which means that he was born in in 1943 or 1944, and that he was 20 or 21 years old at the time of the abuse.

The remaining allegations of the complaint relate to Mr. Browning's recent demands for compensation. Mr. Browning alleges: "I applied for damages to the RFK Alliance, but they & their attorney, Alfred A. Gray, Jr., have denied my claim." (ECF 1 at 4). It asks the School and Mr. Gray if they will "do the right and honorable thing and grant me the financial compensation for the sexual abuse I suffered, which compensation I rightly deserve and need to reclaim my quality of life," or if they will "continue to DELAY, STONEWALL and DENY me the said compensation …" (ECF 1 at 6).

The abuse occurred six decades ago. But Mr. Browning makes no allegations that plausibly suggest any reason for the delay in bringing the action. In a postscript to the complaint, dated December 23, 2004, two weeks after he signed the complaint, Mr. Kirby notes that he was "further incensed this day" to read a story in the New York Times about victims of sexual abuse at a Catholic boy's school in Ireland, whose stories were "almost exactly a carbon copy of my

own ordeal at that summer camp in Maine." (ECF 1 at 6). In fact, the Times did publish such an article on December 23, 2004. (Ex. 1).[2]

    B. *Background facts about the school.*

Because the School raises charitable immunity as a defense, we ask the Court to take judicial notice of the fact, which is "not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), that the School was organized as a Massachusetts charitable corporation in 1934. The Court is required to take judicial notice of this fact once "supplied with the necessary information," Fed. R. Civ. P. 201(c)(2), and it may consider matters of public record that are susceptible to judicial notice when ruling on a motion to dismiss for failure to state a claim. *See Giragosian v. Ryan,* 547 F.3d 59, 65 (1st Cir. 2008). The following facts appear in the records of the Secretary of the Commonwealth and cannot reasonably be disputed:

    The Perkins School was incorporated as a charitable corporation under G.L. c. 180 in 1934. (Ex. 2). Its main place of business is and has always been in Lancaster, Mass. It changed its name to Doctor Franklin Perkins School in 1968. (Ex. 3), and it changed its name again to Robert F. Kennedy Community Alliance, Inc. in 2021. (Ex. 4). In 2022, Robert F. Kennedy Children's Action Corps, Inc. merged into the corporation, with Robert F. Kennedy Community Alliance, Inc. the surviving corporation. (Ex. 5).

---

[2] The Court can take judicial notice of the existence of the article and the date of its publication. *See Montilla v. Fannie Mae,* 999 F.3d 751, 760 n.8 (1st Cir. 2021). The School Defendants do not ask the Court to take judicial notice of the truth of the contents of the article.

ARGUMENT

A. *The Court has subject-matter jurisdiction.*

All defendants are citizens of Massachusetts, and Mr. Browning is a citizen of Georgia. (ECF 1 at 3-4). The complaint does not assert the amount in controversy, but Mr. Browning does demand the amount in wages that he would have received between 1990 and 2015 from his work for the Postal Service. (ECF 1 at 4). The theory seems to be that but for the abuse, he would not have had to retire in 1990 and would have worked for 25 more years. He alleges his wages were $15 per hour. Assuming a 40-hour work week and 48 weeks of work per year, the lost wages amount to $720,000 ($15 \times 40 \times 48 \times 25$), even assuming no wage increases. So the amount in controversy requirement, 28 U.S.C. § 1332(a)(1), is satisfied.

B. *The complaint fails to state a claim on which relief can be granted.*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss for failure to state a claim, the complaint must contain "sufficient factual matter" to state a claim that is "both actionable as a matter of law and plausible on its face." *Doe v. Williston Northampton Sch.,* 766 F. Supp. 2d 310, 311 (D. Mass. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). The Court should construe pro se pleadings liberally in favor of the pro se party. *See Ayala Serrano v. Lebron Gonzalez,* 909 F.2d 8, 15 (1st Cir. 1990). But "even a pro se plaintiff is required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Pollock v. Berkshire Cnty. Jail,* 2025 U.S. Dist. LEXIS 104028, at *3 (D. Mass. Jun. 2, 2025) (quoting *Adams v. Stephenson,* 1997 U.S. App. LEXIS 15371, at *2 (1st Cir. Jun. 23, 1997) (mem.)).

> 1. *The complaint does not allege a plausible claim for relief against the School Defendants arising out of the abuse or negligence that caused or allowed the abuse to happen.*

The complaint says that Mr. Browning was abused by Mr. Perkins and that Mr. Perkins was at the time the director of the school, then known as the Perkins School. But that is all it says. The complaint does not assert, even in a conclusory way, that the school or anyone at the school was negligent, or that anyone at the school other than Mr. Perkins did anything wrong or knew or could have known about the abuse. Nor does it allege that sexually abusing students was within the scope of Mr. Perkins's employment, such that the school could be liable for Mr. Perkin's acts on a respondeat superior theory. *See Doe v. Roman Catholic Bishop of Springfield,* 490 Mass. 373, 385-86 (2022) (sexual abuse "was not, and could not be, related in any way to a charitable mission").

Mr. Browning does not mention Mr. Libby or Mr. Ames at all in the substance of his complaint. He does not allege any facts suggesting that either of them was involved with the School in 1964 (in fact, neither was), or that they did or failed to do anything that injured him. He does not allege that the School itself was negligent in any way, nor does he allege any facts from which one could infer that the School was negligent.

> 2. *The complaint does not allege a plausible claim for relief against the School Defendants arising out of the failure or refusal to settle the claim.*

The only thing that Mr. Browning really accuses the school of doing wrong is refusing to settle his claim. He claims that he "applied for damages to the RFK Alliance but they & their attorney, Alfred A. Gray, Jr., have denied my claim." (ECF 1 at 4). He asks the Court to "order RFK Community alliance to cease & desist denial of [his] claim for damages." (Id.). He "asks the RFK Community Alliance and its lawyer, Mr. Alfred Gray," to "do the right and honorable thing and grant me the financial compensation for the sexual abuse I suffered." (ECF 1 at 6).

There is no legal theory on which failing or refusing to settle Mr. Browning's claim could be actionable. The only theory known to us on which plaintiffs have sometimes tried to assert that defendants can be liable for failure to settle claims is that failing to settle a claim can be an unfair act or practice in trade or commerce proscribed by G.L. c. 93A, § 2. But leaving aside Mr. Browning's failure to allege that he sent a Chapter 93A demand letter, *see* G.L. c. 93A, § 9, which would doom any claim under the statute, *see Rodi v. S. New Eng. Sch. of Law,* 389 F.3d 5, 19 (1st Cir. 2004), the courts have held that only defendants engaged in the business of insurance can be liable for bad-faith settlement practices. *See Morrison v. Toys "R" Us, Inc.,* 441 Mass. 451, 455-57 (2004). "Mere resistance to a just claim is not the stuff of c. 93A, except where made such by statute." *Framingham Auto Sales, Inc. v. Worker's Credit Union,* 41 Mass. App. Ct. 416, 418 (1996).

### 3. The complaint fails to state a claim under the ADA.

The complaint does not mention the Americans with Disabilities Act or assert discrimination on the basis of disability. Nevertheless, on the civil action cover sheet, Mr. Browning checked the box indicating that the nature of his suit was a civil rights claim under the ADA. (ECF 1-1). And in the complaint, Mr. Browning alleges that he has "PTSD from sexual abuse [he] suffered." (ECF 1 at 4).

The ADA was enacted in 1990. *See* Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 327. It does not apply retroactively. *See Morrison v. Carleton Woolen Mills, Inc.,* 108 F.3d 429, 443 (1st Cir. 1997). Therefore, nothing that happened in 1964 can give rise to a claim under the ADA.

The only event that occurred after the ADA's effective date is the School Defendants' alleged failure to settle Mr. Browning's claim. But the complaint, no matter how liberally read, fails to state a claim under the ADA arising out of the failure to settle.

Private schools are, in general, "public accommodations" for the purposes of the ADA. *See* 42 U.S.C. § 12181(7)(J). The statute forbids disability discrimination "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation" by "any person who owns … or operates a place of public accommodation." 42 U.S.C. § 12182(a). To make out a claim, Mr. Browning has to show, among other things, that the defendants have a "a discriminatory policy or practice in effect," that he requested a "reasonable modification in the policy or practice," that the modification was necessary to give him access to the place of public accommodation, and that the defendants "nonetheless refused to modify the policy or practice." *Doe v. R.I. Interscholastic League,* 137 F.4th 34, 40 (1st Cir. 2025) (citation omitted). He also has to show a causal nexus between the disability and his exclusion. *Id.* at 41.

The complaint is silent on all of these points. It cannot be read to allege that the defendants failed to settle Mr. Browning's claim because he suffers from PTSD or has some other undisclosed disability. It cannot be read to allege that there was some policy or practice that discriminated against disabled persons who present claims. In short, the complaint cannot be read to suggest disability discrimination. Thus no claim under the ADA could possibly succeed.

C. *The statute of limitations bars any claim arising out of the abuse in 1964.*

The action was commenced in February 2025, and the abuse took place in September 1964. More than sixty years passed between the abuse and the complaint.

In 1964, the statute of limitations for tort actions under Massachusetts law was two years. *See* St. 1948, c. 274, § 2. The statute, G.L. 260, § 2A, was amended in 1973 to extend the statute of limitations to three years. But the amendment applies only to causes of action arising after

8

January 1, 1974. *See* St. 1973, c. 777, § 3.³ The abuse occurred in Maine, but nothing turns on whether the Maine or Massachusetts statute of limitations applies: the statute of limitations for tort actions in Maine is six years. Me. St. tit. 14, § 752.⁴

Nothing in the complaint is enough to invoke the discovery rule to avoid the statute of limitations. The plaintiff's burden to plead facts sufficient to avoid the discovery rule is governed by federal law, even in a diversity case. *See Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC,* 794 F.3d 200, 207 n.4 (1st Cir. 2015). In *Stone v. Colt Indus. Operating Corp.,* 1986 U.S. Dist. LEXIS 18266, at *5-6 (D. Mass. Oct. 31, 1986), the court held that a plaintiff must plead the discovery rule affirmatively, and Mr. Browning has not done that. But even if Mr. Browning were not required to "explicitly reference the discovery rule by name," he still had to "plead *some* facts sufficient to give notice of its reliance on the discovery rule." *Quality Cleaning,* 794 F.3d at 207 n.4 (citation and internal quotation marks omitted).

The most Mr. Browning does is say that two weeks after he signed the complaint, he read an article in the New York Times that "incensed" him because it reminded him of his abuse. (ECF 1 at 6). He does not allege, even by implication, that the article caused him to realize that he had suffered an injury. But more to the point, Mr. Browning rules out the inference that the article caused him to discover his injury, because he affirmatively asserts that he signed the complaint weeks before he read the article. Underneath the December 9 "date of signing," he wrote:

> Delay incurred between above date of signing & date of mailing these forms is due to length of time in seeking assistance & advice from my brother in Texas & a friend here in

---

³ The special statute of limitations for negligent supervision or otherwise contributing to the sexual abuse of a minor, G.L. c. 260, § 4C½, cannot apply here, because on the face of the complaint the abuse happened when Mr. Browning was an adult.

⁴ The Maine statutes on claims based on sexual abuse of minors cannot apply for the same reason the Massachusetts statute cannot apply: Mr. Browning was an adult when Mr. Perkins abused him. *See generally Dupuis v. Roman Catholic Bishop of Portland,* 331 A.3d 294, 298 (Me. 2025) (describing amendments to Maine's statutory scheme).

> Albany, GA. Also from process in filling out these forms. I have no prior experience in navigating this form of process.

(ECF 1 at 5). Moreover, Mr. Browning must have known of his injury at the time he demanded that the School compensate him, which must have occurred before he wrote his complaint. In other words, it is perfectly clear from the face of the complaint that Mr. Browning knew of his injury and was prepared to sue weeks before the article he mentions was published. Thus any claim that the School Defendants are liable because Mr. Perkins abused Mr. Browning, or that the School itself was negligent in 1964, are barred by the statute of limitations. (The School Defendants do not assert that the claim for failure to settle is barred by the passage of time, because the alleged refusal to settle took place only recently).

### D. The School is immune from suit.

Prior to 1971, Massachusetts recognized the common-law doctrine of charitable immunity, under which charitable corporations were immune from tort suits. *See Doe v. Roman Catholic Archbishop of Springfield,* 490 Mass. at 383-84. In 1971, the legislature abolished the rule, replacing it with a $20,000 cap on tort liability. *See* St. 1971, c. 785, § 1 (enacting G.L. c. 231, § 85K). But the change was prospective, and the old rule of immunity from suit applies to claims arising out of conduct that occurred in the 1960s. *See Doe,* 490 Mass. at 383. The rule is a rule of immunity from *suit,* not just immunity from liability over a certain amount. *See id.* at 384-85.

Charitable immunity is an affirmative defense. *See Barrett v. Brooks Hosp., Inc.,* 338 Mass. 754, 756 (1959). Older cases suggest that while a tort complaint that affirmative alleges that the defendant is a charitable corporation can be dismissed at the pleading stage, *see Reavey v. Guild of St. Agnes,* 284 Mass. 300, 301 (1933) (complaint dismissed where "it alleges that the defendant is a domestic charitable corporation"), the complaint would survive if the complaint

alleged that the defendant's negligence occurred in the conduct of business for profit. *See Grueninger v. Pres. & Fellows of Harvard Coll.,* 343 Mass. 338, 340 (1961). In *Grueninger,* the claim was for medical malpractice, and the plaintiff alleged in the complaint that Harvard owned and operated a health insurance plan, which "was not a charitable endeavor" but rather "an enterprise entered into by the defendant for profit … as a commercial venture." *Id.* at 338. There are no allegations like that here, nor would such allegations be plausible.

## CONCLUSION

For these reasons, the complaint against the School Defendants must be dismissed.

Respectfully submitted,

ROBERT F. KENNEDY COMMUNITY ALLIANCE, INC., DAVID LIBBY, and MICHAEL AMES,

By their attorneys:

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
RUBIN AND RUDMAN LLP
53 State St.
Boston, Mass. 02109
(617) 330-7000
tfolkman@rubinrudman.com

Dated:  August 22, 2025

## CERTIFICATE OF SERVICE

I certify that on August 22, 2025, I caused this document to be served by first-class mail, postage prepaid, on:

Kirby Vance Browning
401 Flint Ave., Apt. 216
Albany, GA 31701

/s/ Theodore J. Folkman

4542508_1