UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRBY VANCE BROWNING,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL AMES, DAVID LIBBY, ALFRED A. GRAY, JR., and ROBERT F. KENNEDY COMMUNITY ALLIANCE, INC.,<br><br>Defendants. | CIVIL ACTION NO.: 4:25-cv-40025-DHH |

**MEMORANDUM OF DEFENDANT ALFRED A. GRAY, JR.
IN SUPPORT OF HIS MOTION TO DISMISS**

INTRODUCTION

The *pro se* plaintiff Kirby Vance Browning commenced this action on February 18, 2025. He alleges in substance that he was sexually abused by the then-director of the Perkins School, at a camp in Maine in 1964, when he was 20 or 21 years old. The defendants are the school ("the School," now known as Robert F. Kennedy Community Alliance, Inc.), two of its officials: former CEO Michael Ames and current CFO David Libby, and Alfred A. Gray, Jr., one of the School's lawyers. Mr. Ames, Mr. Libby, and the School (collectively "the School Defendants") already have moved to dismiss the Complaint. To date, Attorney Gray has not been served.

The suit is deficient on procedural grounds and on the merits. Attorney Gray has not been served. Moreover, the Complaint fails to state a claim upon which relief can be granted. The claims are barred by the absolute litigation privilege; there is no duty or breach of duty on Attorney Gray's part; and the limitations period has run. All counts of the Complaint as against Attorney Gray should be dismissed.

1

PERTINENT ALLEGATIONS AND BACKGROUND

The Complaint alleges that Mr. Browning (as an adult) was sexually abused by David C. Perkins in September 1964. (*See* ECF 1 at 4):

> Without the claim I have made, due to PTSD from sexual abuse I suffered in September, 1964, I now live in poverty on only SSI & food stamps. The abuse was done by David C. Perkins, the then director of the then-Perkins School, now the RFK Community Alliance. Said abuse occurred at the school's summer camp Oceanward in Friendship, Maine.

*Id.* The Complaint then alleges, "I applied for damages to the RFK Alliance, but they + their attorney, Alfred A. Gray, Jr., have denied my claim." *Id.*

Before filing suit, the Plaintiff on October 8, 2024 sent a letter to the School Defendants requesting that "y'all grant me financial compensation" due to the alleged abuse. *See* Exhibit A. Plaintiff further asked that the School Defendants provide:

> The names, addresses + phone numbers of the lawyers who represented the other kids at Perkins School + Camp Oceanward whom David C. Perkins also victimized, + also if any of the aforesaid lawyers would take on my case pro bono … This is <u>only</u> in case <u>if:</u> y'all <u>deny</u> my request for financial compensation.

*Id.* (emphasis in original).[1]

On November 11, 2024, Attorney Gray on behalf of his client wrote in response to Mr. Browning's letter. *See* Exhibit B. Mr. Ames and Mr. Libby were copied on this correspondence. *Id.* Attorney Gray advised Mr. Browning that he and his client could not provide the names of attorneys "who in your view represented other students who may have been alleged victims of

---

[1] The exhibits attached to this Motion are referred to in the complaint and central to the Plaintiff's claims. The Court may therefore consider these documents without converting the Motion into a motion for summary judgment. *See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (noting that the court can consider documents incorporated into the complaint, official public records, documents central to the plaintiff's claims, and documents sufficiently referenced in the complaint without converting a motion to dismiss into one for summary judgment).

abuse," and advised him further that they could not recommend a lawyer to Mr. Browning. *Id.* The letter also denied Mr. Browning's request for financial compensation. *Id.*

Notably, this was not Mr. Browning's first attempt to obtain financial compensation for the alleged abuse. On July 12, 2023, he filed an application with the Massachusetts Attorney General's Victim Compensation and Assistance Division pursuant to G. L. c. 258C, the Massachusetts Victims of Violent Crime Compensation Act. The Division denied Mr. Browning's claim, stating, "Your application for victim compensation was received on 7/12/2023 for a crime that occurred on 9/1/1964, which is beyond the three-year filing period. Additionally, General Law c. 258C, Sec. 1 defines crime as '…an act occurring within the Commonwealth' and the reported crime(s) occurred in Maine. Accordingly, your claim has been denied." *See* Exhibit C.

ARGUMENT

I.   NO SERVICE OF PROCESS

When a defendant challenges the sufficiency of process under Fed. R. Civ. P. 12(b)(5) the plaintiff has "the burden of proving proper service." *Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992). When it has been established that service was not timely, the Court "must determine whether the plaintiff has met its burden of establishing 'good cause' for the untimely service." *United States v. Tobins*, 483 F. Supp. 2d 68, 77 (D. Mass. 2007) (citations omitted). Pursuant to Fed. R. Civ. P. 4(m), however, the "court must extend the time for service of process if there is good cause shown for the delay." *Riverdale Mills Corp. v. U.S. Dep't of Transp. Fed. Aviation Admin.*, 225 F.R.D. 393, 395 (D. Mass. 2005). "The mere fact that a plaintiff is *pro se*, however, is not automatically enough to constitute good cause for purposes of Rule 4(m)." *Ayele v. Delta Airlines, Inc.*, 2018 WL 6001021, at *3 (D. Mass. Nov. 15, 2018).

In addition, "if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Tobins*, 483 F.Supp.2d at 77, quoting *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). The Court need not extend time to perfect service if dismissal on the merits is warranted. *See Aaron v. City of Lowell*, 666 F. Supp. 3d 102, 117 (D. Mass. 2023) (finding the plaintiff failed to state a claim upon which relief could be granted, and, "[a]s such, any successful service would be futile, and 'the issue of whether to extent the time period of service is moot.'").

Here, the Plaintiff filed his Complaint on February 18, 2025. On May 5, 2025, the Court entered an order provisionally granting the Plaintiff to proceed *in forma pauperis*, subject to completing the appropriate application. The Court also granted the Plaintiff ninety days to serve upon the issuance of summonses, which issued the same day as the order. To date, well over ninety days later, Attorney Gray has not been served. Accordingly, the action must be dismissed for failure to effect service.

II.     IN ANY EVENT, THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss for failure to state a claim, the complaint must contain "sufficient factual matter" to state a claim that is "both actionable as a matter of law and plausible on its face." *Doe v. Williston Northampton Sch.*, 766 F. Supp. 2d 310, 311 (D. Mass. 2011), *quoting Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "[E]ven a pro se plaintiff is required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Pollock v. Berkshire Cnty. Jail and House of Correction*, 2025 WL 1556082, at *1 (D. Mass. Jun. 2, 2025), *quoting Adams v. Stephenson*, 1997 WL 351633, at *1 (1st Cir. Jun. 23, 1997); *see also Evans v. Staples, Inc.*, 375 F. Supp. 3d 117, 121 (D. Mass. 2019) ("Plaintiff's pro-se status does

4

not excuse him from complying with procedural and substantive law."). In evaluating a motion to dismiss to determine whether it states a plausible claim for relief, the Court should "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

    A.    <u>The Absolute Litigation Privilege Applies to All Purported Claims Against Attorney Gray.</u>

Massachusetts has long recognized the Absolute Litigation Privilege, which protects attorneys and parties from civil liability for purported tort claims arising from a lawyer's representation of a client. *Bassichis v. Flores*, 490 Mass. 143, 149 (2022). The Litigation Privilege traces its origins to English common law, and courts in the United States began adopting it as early as the Nineteenth Century. *Id*. Notably, "[i]f the privilege attaches, its protections are absolute." *Gillette Co. v. Provost*, 91 Mass. App. Ct. 133, 140 (2017), *citing Correllas v. Viveiros*, 410 Mass. 314, 320 (1991). Although initially applicable only to defamation claims, "its scope has expanded in many States to bar additional claims, because [a] privilege which protected an individual from liability for defamation would be of little value if the individual were subject to liability under a different theory of tort." *Bassichis*, 490 Mass. at 151; *see also Bartle v. Berry*, 80 Mass. App. Ct. 372, 378 (2011) ("The privilege applies not only to defamation claims brought against the attorney, but to civil liability generally.").

The privilege likewise applies in federal court as a general bar to civil liability based on an attorney's statements and filings. Indeed, courts in the First Circuit and around the country have applied the privilege to protect attorneys from lawsuits like the Plaintiff's. *See, e.g.*, *Blanchette v. Cataldo*, 734 F.2d 869, 877 (1st Cir. 1984) (rejecting tortious interference claim based on corporate attorney's phone call because the "phone call falls within the absolute privilege covering attorneys' statements made in connection with the conduct of litigation."); *Kimmel & Silverman, P.C. v. Porro*, 53 F. Supp. 3d 325, 343 (D. Mass. 2014) (applying

privilege to attorneys' filing of deposition transcripts and email chain with the court in support of their client's opposition to a motion to dismiss); *Int'l Floor Crafts, Inc. v. Adams*, 477 F. Supp. 2d 336, 340 (D. Mass. 2007) (privilege applied to statements made in a complaint); *Taylor v. Swartwout*, 429 F. Supp. 2d 209, 215 (D. Mass. 2006) (applying privilege to attorney's disclosure of documents showing plaintiff's alleged drug use during custody battle).

Statements (both oral and written) are privileged where they are "made by an attorney engaged in his function as an attorney whether in the institution or conduct of litigation or in conferences and other communications preliminary to litigation." *Sriberg v. Raymond*, 370 Mass. 105, 109 (1976); *see also Bassichis*, 490 Mass. at 149 (holding litigation privilege protected wife's attorney from liability based on allegedly fraudulent misrepresentations he made to judge during purportedly collusive divorce). "The privilege may be applied to statements made by parties to non-parties; the relevant inquiry is not who made the statement, or to whom it was made, but whether the statement is pertinent to the supervening litigation." *Riverdale Mills Corp. v. Cavatorta North America, Inc.*, 189 F. Supp. 3d 317, 321 (D. Mass. 2016).

Here, Attorney Gray undeniably is protected by the privilege as to all purported claims asserted against him. The premise of the claims against Attorney Gray is the letter he wrote in response to Mr. Browning on behalf of the School Defendants, and in furtherance of his legal representation of them. The letter perfectly fits within the category of a communication made by an attorney that is preliminary to litigation, as outlined by the *Sriberg* court. As such, Attorney Gray is entitled to absolute immunity. *See Blanchette*, 734 F.2d at 877 ("the issue is not [the attorney]'s motive but whether [the attorney]'s statements were 'pertinent' to litigation involving his client.").

B.    Attorney Gray Neither Owed Nor Breached A Duty to the Plaintiff.

"It is well established that attorneys owe no duty to their client's adversary." *Lamare v. Basbanes*, 418 Mass. 274, 276 (1994). "Absent an attorney-client relationship, the court will recognize a duty of reasonable care if an attorney knows or has reason to know a nonclient is relying on the services rendered." *Id.*; *see also Norman v. Brown, Todd & Heyburn*, 693 F. Supp. 1259, 1265 (D. Mass. 1988) (applying same standard in the context of attorney's negligence to a nonclient). "However, the court will not impose a duty of reasonable care if such an independent duty would potentially conflict with the duty the attorney owes to his or her client." *Lamare*, 418 Mass. at 276, *citing Spinner v. Nutt*, 417 Mass. 549, 552 (1994).

Here, to the extent that Plaintiff alleges (or his claim depends on the allegation) that Attorney Gray owed some duty to the Plaintiff, he is wrong.  Attorney Gray owed no duty to Plaintiff, his client's adversary.  There is no allegation or evidence that the Plaintiff relied on Attorney Gray's services.  Indeed, Attorney Gray expressly disclaimed and denied Mr. Browning's requests for information and compensation, even advising the Plaintiff that he could not recommend a lawyer. Attorney Gray's sole duty at all times was to the RFK Community Alliance.  And he discharged it.  Imposition of a duty to an adverse party like the Plaintiff in the circumstances would create an intolerable conflict.  Attorney Gray neither owed nor breached any duty to the Plaintiff.

C.    The Complaint Is Barred By the Statute of Limitations.

The action was commenced in February 2025, and the alleged abuse took place in September 1964 (when the Plaintiff admittedly was 20 or 21). More than sixty years has passed between the abuse and the allegations in the Complaint.  In 1964, the statute of limitations for tort actions under Massachusetts law was two years. *See* St. 1948, c. 274, § 2. The statute, G. L.

260, § 2A, was amended in 1973 to extend the statute of limitations to three years. But the amendment applies only to causes of action arising after January 1, 1974. *See* St. 1973, c. 777, § 3.[2] The abuse occurred in Maine, but nothing turns on whether the Maine or Massachusetts statute of limitations applies: the limitations period for tort actions in Maine is six years. Me. St. tit. 14, § 752.

Attorney Gray's representation of RFK Community Alliance began in September 2023. There is no scenario in which he could be held derivatively or vicariously liable for any alleged actions of his client that may have occurred over sixty years ago. To the extent that the purported claims against Attorney Gray are based on alleged actions of his co-defendants decades ago, such claims are time barred as against Attorney Gray, just as they are as to his client.

III.     ATORNEY GRAY INCORPORATES ALL ARGUMENTS BY HIS CO-DEFENDANTS.

Finally, Attorney Gray incorporates and relies on here all points and authorities presented by his co-defendants in their motions to dismiss. Fed. R. Civ. P. 10(c).

---

[2] The special statute of limitations for negligent supervision or otherwise contributing to the sexual abuse of a minor, G.L. c. 260, § 4C½, cannot apply here, because the complaint alleges that the abuse happened when the Plaintiff was an adult. This is true for the analogous Maine statute too. *See generally Dupuis v. Roman Catholic Bishop of Portland,* 2025 ME 6, ¶¶ 3-4.

CONCLUSION

For the above reasons, this Motion should be granted and all claims/counts as against the Defendant Alfred A. Gray, Jr. must be dismissed.

Dated: September 12, 2025  ALFRED A. GRAY, JR.,
By his attorneys,

*/s/ John J. O'Connor*
John J. O'Connor
BBO #555251
Matthew T. Westhoff
BBO #711741
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
Telephone No.: (617) 951-2077
joconnor@peabodyarnold.com
mwesthoff@peabodyarnold.com

CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2025, a true and correct copy of the foregoing was filed electronically in the Court's CM/ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's Case Management/Electronic Case Filing system, and via U.S. Regular Mail to the plaintiff, as follows:

Kirby Vance Browning (*pro se*)
401 Flint Avenue, Apt. 216
Albany, GA 31701
kirbyvbrowning@gmail.com

*/s/ John J. O'Connor*
John J. O'Connor

4157964