UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRBY VANCE BROWNING,<br>  Plaintiff,<br><br>v.<br><br>MICHAEL AMES, DAVID LIBBY, ALFRED A. GRAY, JR., and ROBERT F. KENNEDY COMMUNITY ALLIANCE, INC.,<br><br>  Defendant. | Civ. No.: 4:25-cv-40025-MRG |

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS [ECF Nos. 15, 22]

**GUZMAN, J.**

For the reasons stated in the Defendants' Motions to Dismiss filings, [ECF Nos. 15, 16, 22, 23], and without opposition from the Plaintiff, the Court hereby **GRANTS** the Defendants' motions to dismiss. [ECF Nos. 15, 22].

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Specifically, a plaintiff's complaint must satisfy the two-pronged requirement in Rule 8(a)(2) of "a short and plain statement of the claim showing that the pleader is entitled to relief." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 8-9 (1st Cir. 2011). These statement(s) must give defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Here, Plaintiff's

1

complaint fails to meet this burden because it fails to articulate Plaintiff's claims clearly, provide the grounds for Plaintiff's requested damages, and establish any wrongdoing by the named Defendants.

The Court is mindful of Browning's *pro se* status and acknowledges that the Court must construe his allegations liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Even under a liberal interpretation of the complaint, Plaintiff fails to meet his burden to state a claim for relief. See Doherty v. Salem Five Cents Sav. Bank, No. 13-40016-TSH, 2013 U.S. Dist. LEXIS 71726, at *1 (D. Mass. May 21, 2013)("the complaint must adequately allege the elements of a claim with requisite supporting facts."); Harihar v. U.S. Bank Nat'l Ass'n, No. 15-cv-11880-ADB, 2017 U.S. Dist. LEXIS 50596, at *14 (D. Mass. Mar. 31, 2017) ("[d]ismissal of a pro se complaint is appropriate when the complaint fails to state an actionable claim." (citations omitted)). Therefore, the Court must **GRANT** the pending motions to dismiss.

**SO ORDERED.**


Dated: February 2, 2026

                                                     /s/ Margaret R. Guzman
                                                   Margaret R. Guzman
                                                   United States District Judge